UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **JOHN DUFFY**, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>**CONOCOPHILLIPS COMPANY** | CASE NO:<br><br><br>Collective Action Under<br>29 U.S.C. § 216(b) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Plaintiff John Duffy brings this lawsuit to recover unpaid overtime wages and other damages from ConocoPhillips Company under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      Duffy and the other workers like him regularly worked for ConocoPhillips in excess of 40 hours each week. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

3.      Instead of paying overtime as required by the FLSA, ConocoPhillips improperly classified Duffy and similarly situated workers as independent contractors and paid them a daily rate with no overtime compensation. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Duffy performed work for ConocoPhillips in this District and Division in Watford City, North Dakota.

## THE PARTIES

7.      Duffy worked for ConocoPhillips as a company man[1] from approximately 2013 until 2018. Throughout his employment with Conoco, he was paid a day-rate with no overtime compensation and was classified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit 1.

8.      Duffy brings this action on behalf of himself and all other similarly situated company men who were classified as independent contractors and paid under ConocoPhillips' day-rate system. ConocoPhillips paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees sought to be certified is defined as follows:

> **All oilfield workers who were or are employed as a Completions Supervisor or "company man" by ConocoPhillips classified as independent contractors and paid a day-rate during the last three (3) years.**

9.      ConocoPhillips Company may be served with process through its registered agent United States Corporation Company, 1709 N. 19th Street, Suite 3, Bismarck, North Dakota 58501.

## COVERAGE UNDER THE FLSA

10.     At all times hereinafter mentioned, ConocoPhillips has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] For clarity and convenience, Duffy will utilize the terms "company man" and "company men" which, in the oil and gas industry, and specifically at ConocoPhillips facilities, is used interchangeably with Completions Supervisor.

11.     At all times hereinafter mentioned, ConocoPhillips has been part of an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, ConocoPhillips has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $10,000,000.

13.     At all times hereinafter mentioned, Duffy and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

14.     As will be shown through this litigation, ConocoPhillips treated Duffy, and all of its workers that it classified as independent contractors and paid a day rate without overtime compensation, as employees and uniformly dictated the pay practices to which Duffy and the Putative Class Members were subjected.

15.     ConocoPhillips' misclassification of Duffy and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this collective action under the FLSA.

## FACTS

16.     ConocoPhillips is an oil and natural gas exploration and production company operating worldwide and throughout the United States. In order to provide services to many of its customers, ConocoPhillips contracts with certain companies to provide it with personnel to perform the necessary work.



17.     Many of these company men worked for ConocoPhillips on a day-rate basis, were misclassified as independent contractors, and make up the proposed Putative Class. The alleged "employees" at issue are subjected to the same or similar illegal pay practices for similar work. Specifically, ConocoPhillips classified all these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

18.     For example, Duffy worked for ConocoPhillips as a company man from approximately 2013 until 2018.

19.     Throughout his employment with Conoco, Duffy was classified as an independent contractor and paid on a day-rate basis.

20.     As a company man, Duffy's primary job duties included operating oilfield machinery, performing maintenance on the equipment used, and working with other oilfield employees to insert plugs, packers, and other blocking devices down well.

21.     Duffy worked well in excess of 40 hours each week while employed by Conoco, often for weeks at time.

22.     The work Duffy performed was an essential part of ConocoPhillips' core business.

23.     During Duffy's employment with ConocoPhillips while he was classified as an independent contractor, ConocoPhillips exercised control over all aspects of his job. ConocoPhillips did not require any substantial investment by Duffy in order for him to perform the work required of him. ConocoPhillips determined Duffy's opportunity for profit and loss. Duffy was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform their job duties.

24.     Duffy worked exclusively for ConocoPhillips from approximately 2013 until 2018.

25.     Indeed, ConocoPhillips controlled all of the significant or meaningful aspects of the job duties performed by Duffy.

26.     ConocoPhillips ordered the hours and locations Duffy worked, tools used, and rates of pay received.

27.     Even though Duffy often worked away from ConocoPhillips' offices without the presence of a direct supervisor employed by Conoco, ConocoPhillips still controlled all aspects of Duffy's job activities by enforcing mandatory compliance with ConocoPhillips and/or its client's policies and procedures.

28.     No real investment was required of Duffy to perform his job. More often than not, Duffy utilized equipment provided by ConocoPhillips to perform his job duties. Duffy did not provide the equipment he worked with on a daily basis. ConocoPhillips and/or its clients made the large capital

investments in buildings, machines, equipment, tools, and supplied in the business in which Duffy worked.

29.     Duffy did not incur operating expenses like rent, payroll, marketing, and insurance.

30.     Duffy was economically dependent on ConocoPhillips during his employment.

31.     ConocoPhillips set Duffy's rates of pay and work schedule, and ConocoPhillips prohibited him from working jobs for other companies while working on jobs for Conoco.

32.     ConocoPhillips directly determined Duffy's opportunity for profit and loss. Duffy's earning opportunities were based on the number of days ConocoPhillips scheduled him to work.

33.     Very little skill, training, or initiative was required of Duffy to perform his job duties.

34.     Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by ConocoPhillips and/or its clients. Virtually every job function was pre-determined by ConocoPhillips and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing energy operations in the field.

35.     Duffy performed routine manual and technical labor duties that were largely dictated by ConocoPhillips and/or its clients.

36.     Duffy was not employed by ConocoPhillips on a project-by-project basis. In fact, while Duffy was classified as an independent contractor, he was regularly on call for ConocoPhillips and/or its clients and were expected to drop everything and work whenever needed.

37.     Duffy and all the Putative Class Members perform the same or similar job duties. They are also subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

38.     The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time.

39.     ConocoPhillips paid Duffy and the Putative Class Members a day rate.

40.     ConocoPhillips did not pay Duffy and the Putative Class Members overtime.

41.     ConocoPhillips did not pay Duffy and the Putative Class Members a salary.

42.     ConocoPhillips misclassified Duffy and the Putative Class Members as independent contractors.

43.     Duffy and all other Putative Class Members had the similar job duties regardless of whether they were hired directly by ConocoPhillips or through a staffing company.

44.     If hired through a staffing company, Duffy and all other Putative Class Members had the same job duties regardless of which staffing company they were hired through.

45.     Duffy and all other Putative Class Members were subject to the same pay practices regardless of whether they were hired directly by ConocoPhillips or through a staffing company.

46.     If hired through a staffing company, Duffy and all other Putative Class Members were subject to the same pay practices regardless of which staffing company they were hired through.

47.     Duffy and all other Putative Class Members were paid a day rate regardless of whether they were hired directly by ConocoPhillips or through a staffing company.

48.     If hired through a staffing company, Duffy and all other Putative Class Members were paid a day rate regardless of which staffing company they were hired through.

49.     Duffy and all other Putative Class Members were all not paid overtime regardless of whether they were hired directly by ConocoPhillips or through a staffing company.

50.     If hired through a staffing company, Duffy and all Putative Class Members were not paid overtime regardless of which staffing company they were hired through.

51.     Duffy and all Putative Class Members were classified as independent contractors based on the same ConocoPhillips policies whether they were hired directly by ConocoPhillips or through a staffing company.

52.     If hired through a staffing company, Duffy and all other Putative Class Members were classified as independent contractors based on the same ConocoPhillips policies regardless of which staffing company they were hired through.

53.     ConocoPhillips' policy of failing to pay its independent contractors, including Duffy, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

54.     Because ConocoPhillips misclassified as independent contractors Duffy and ConocoPhillips' other purported independent contractors, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

55.     ConocoPhillips' day-rate system violates the FLSA because Duffy and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

**FLSA VIOLATIONS**

56.     As set forth herein, ConocoPhillips has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

57.     ConocoPhillips knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. ConocoPhillips' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

58.     Accordingly, Duffy and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

59.     Duffy incorporates all previous paragraphs and allege that the illegal pay practices ConocoPhillips imposed on them were likewise imposed on the members of the Classes.

60.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

61.     Numerous other individuals who worked with Duffy indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

62.     Based on his experiences and tenure with Conoco, Duffy is aware that ConocoPhillips' illegal practices were imposed on the members of the Class.

63.     The members of the Class were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty 40 per week.

64.     ConocoPhillips' failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the Class.

65.     Duffy 's experiences are therefore typical of the experiences of the members of the Class.

66.     The specific job titles or precise job locations of the various members of the Class do not prevent class or collective treatment.

67.     Duffy does not have any interest contrary to, or in conflict with, the members of the FLSA Class as defined below. Like each member of the Class, Duffy has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

68.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

69.     Absent this action, many members of the Class likely will not obtain redress of their injuries and ConocoPhillips will reap the unjust benefits of violating the FLSA and applicable state labor laws.

70.     Furthermore, even if some of the members of the Class could afford individual litigation against Conoco, it would be unduly burdensome to the judicial system.

71.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

72.     The questions of law and fact common to each of the members of the Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a) Whether ConocoPhillips employed the members of the Class within the meaning of the FLSA;

(b) Whether the members of the Class were improperly misclassified as independent contractors;

(c) Whether ConocoPhillips' decision to classify the members of the Class as independent contractors was made in good faith;

(d) Whether ConocoPhillips' decision to not pay time and a half for overtime to the members of the Class was made in good faith;

(e) Whether ConocoPhillips' violation of the FLSA was willful; and

(f)  Whether ConocoPhillips' illegal pay practices were applied uniformly across the nation to all members of the Class.

73.    Duffy's claims are typical of the claims of the members of the Class. Duffy and the members of the Classes sustained damages arising out of ConocoPhillips' illegal and uniform employment policy.

74.    Duffy knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

75.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

76.    Duffy demands a trial by jury.

## RELIEF SOUGHT

77.    WHEREFORE, Duffy prays for judgment against ConocoPhillips as follows:

(a)  An Order designating the Potential Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

(b)  For an Order pursuant to Section 16(b) of the FLSA finding ConocoPhillips liable for unpaid back wages due to Duffy, Cordova, and the Potential Putative FLSA Class for liquidated damages equal in amount to their unpaid compensation;

(c)  For an Order awarding attorneys' fees, penalties, costs and pre- and post-judgment interest; and

(d)  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *William R. Liles*

Michael A. Josephson
State Bar No. 24014780

~ 11 ~

mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
William R. Liles
State Bar No. 24083395
wliles@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

AND

Richard J. (Rex) Burch
State Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**