IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOHN DUFFY, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 1:19-CV-00184<br>§<br>§<br>§<br>§<br>§ |

**JOINT MOTION FOR APPROVAL
OF SETTLEMENT AGREEMENT AND DISMISSAL**

Plaintiff John Duffy ("Duffy" or "Plaintiff") and ConocoPhillips Company ("ConocoPhillips" or "Defendant") (collectively the "Parties") file this Joint Motion for Approval of Settlement Agreement and Dismissal, and respectfully show the Court the following.

**I.  BACKGROUND**

On September 3, 2019, Duffy filed this wage and hour lawsuit alleging that ConocoPhillips misclassified Completion Supervisors as independent contractors and improperly paid them on a day rate basis with no overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  *See* Doc. 1.  Duffy filed the case as a collective action under the FLSA.  *Id.*  On September 25, 2019 ConocoPhillips filed its Answer and Affirmative and Other Defenses and denied all of Duffy's allegations.  *See* Doc. 10.  Specifically, ConocoPhillips denied that it misclassified or improperly paid Duffy or the putative

1

class members. *Id.* ConocoPhillips also denied, and continues to deny, that it employed Duffy or the putative class members. *Id.*

On December 17, 2019, in the interest of judicial economy, the Parties stipulated to conditional certification of a class of "oilfield workers who performed work for or on behalf of ConocoPhillips Company as Completions Supervisors, who were classified as independent contractors and paid a day-rate during the last three (3) years." Doc. 19. On March 5, 2020, the Court approved the timeline and notice and consent forms requested by the Plaintiffs. Doc. 25. The Court also ordered ConocoPhillips to produce the names of 187 independent contractors who had provided services to ConocoPhillips as Completions Supervisors in the relevant period. *Id.* At the end of the 60 day opt-in period, three additional individuals opted-in to the case: Bruce McLennan, Lance Story, and Canuto Solis. Doc. 28; Doc. 29; Doc. 30.

For the next several months, the Parties engaged in the discovery process, which included written discovery along with depositions. The Parties then engaged in settlement discussions and were able to reach a settlement on February 24, 2021 for all putative class members. The Parties now request approval of their settlement agreement and dismissal of Plaintiffs' claims with prejudice.[1]

## II. ARGUMENT AND AUTHORITIES

When reviewing a proposed settlement of claims under the FLSA, "[a] district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties."[2] *King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015)

---

[1] The settlement agreement that is being filed under seal has been signed and executed by all Parties.
[2] *Thompson v. Spa City Steaks, Inc.*, 6:17-CV-6055, 2019 WL 5653215, at *2 (W.D. Ark. Oct. 31, 2019) ("It does not appear that the Eighth Circuit has directly addressed the factors for use in deciding whether to approve FLSA settlements.")

2

(citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982)); *Fry v. Accent Mktg. Servs., L.L.C.*, 4:13 CV5 9 CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014). The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008); *see also Sims v. Goodwill Indus. of Arkansas, Inc.,* No. 4:19-CV-00289-KGB, 2019 WL 5957177, at *1 (E.D. Ark. Nov. 12, 2019) (citing *Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-CV-20757, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) ("[T]he Court finds that both Parties were represented by counsel and therefore negotiated a settlement of this matter in an adversarial proceeding. Therefore, the Court finds that approval is not necessary.") (internal citations omitted)).

**A.     The Settlement is Fair and Reasonable Resolution of a Bona Fide Dispute.**

   *i.     A Bona Fide Dispute Existed Between the Parties.*

If Duffy's allegations were ultimately correct, ConocoPhillips would be faced with the prospect of a monetary judgment in favor of Duffy and potentially the Opt-in Plaintiffs as well as an obligation to pay litigation fees and costs incurred by Duffy. If ConocoPhillips's arguments were correct, then Duffy and potentially the Opt-in Plaintiffs would not make a recovery or the recovery would be substantially less than what Duffy and the Opt-in Plaintiffs sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of their legal position on issues such as whether Duffy and the Opt-in Plaintiffs were independent contractors and whether Duffy would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed

3

under the FLSA.  *See, e.g., Bench v. Cheyenne Logistics, LLC.*, No. 4:14-CV-01327-NCC, 2016 WL 2997591, at *2 (E.D. Mo. May 25, 2016) ("Here, the Court notes that proposed settlement is the produce of contested litigation because the parties dispute Plaintiff's claims that he was not properly paid overtime wages.")

### ii. *The Proposed Settlement Is Fair and Reasonable.*

The precise terms of the settlement agreement are filed under seal with the Court.  The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Duffy and the Opt-in Plaintiffs and (2) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits.  Such negotiations allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described.  Under these circumstances, a presumption of fairness should attach to the proposed settlement.  *See, e.g.*, *Sims*, 2019 WL 5957177, at *2 (enforcing the settlement agreement and noting that "[t]he Settlement Agreement was reached by arm's length negotiation, and all parties involved have been represented by experienced counsel throughout the litigation."); *Bench*, 2016 WL 2997591, at *2 (same); *Boland v. Baue Funeral Home Co.*, No. 4:15-CV-00469RLW, 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (same); *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The settlement agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides substantial and immediate relief.  The Parties disagree about the merits of Duffy's claims, the viability of ConocoPhillips's defenses, and the proper calculation of damages.  Without settlement, the Parties would have engaged in additional

discovery and litigated dispositive motions on the merits of the claims and the issue of final certification.  Even if Duffy and the Opt-in Plaintiffs had prevailed on the merits by summary judgment or trial, an appeal to the Eighth Circuit would have likely resulted.  Under such a scenario, Duffy and the Opt-in Plaintiffs would not see any monetary relief from this case, if any, until years from now.  The settlement agreement brings immediate benefit to Duffy and the Opt-in Plaintiffs.

Duffy requests the court approve the attorneys' fees of Duffy's counsel as stated in the settlement agreement.  The Eighth Circuit has concluded that court approval of FLSA settlement does not extend to agreed attorney fees.  *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (vacating the district court order disapproving of the settled amount of attorney fees and stating "29 U.S.C. does not require approval of settled attorney fees.").

The terms of the settlement have been approved by Duffy, Duffy's counsel, ConocoPhillips, and ConocoPhillips's counsel.  Duffy entered into the settlement agreement voluntarily and knowingly, and understands fully that he is relinquishing his claims in this matter in exchange for the agreed upon settlement.  The Parties agree that the terms of the settlement agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

The Parties further agree that as a condition of settlement, the terms of the settlement will be kept confidential.  Accordingly, the Parties are filing a Motion to Seal or Redact the Settlement Agreement.  The Parties jointly request that the Court keep the terms of the settlement agreement and the settlement agreement itself confidential, and the Parties respectfully request that the settlement agreement not be included in the documents and papers publicly filed in this matter.  District Court's in the Eight Circuit routinely grant similar requests to seal settlement agreements.  *See, e.g., Ezell v. Acosta, Inc.,* No. 16-CV-870 RLW, 2019 WL 8160704, at *4

(E.D. Mo. Apr. 4, 2019) (granting the parties joint motion to file the settlement agreement under seal); *Jones v. Synergies3 Tec Servs., LLC*, No. 18-CV-01161-JAR, 2018 WL 6727061, at *2 (E.D. Mo. Dec. 21, 2018) (permitting the parties to file the settlement agreement under seal). Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

**IV.     Conclusion.**

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed Order approving their settlement agreement and the proposed Order dismissing the case as specified therein. The Parties further respectfully request that the Court maintain the confidentiality of the settlement agreement by allowing it to be filed under seal or allowing the Parties to redact the monetary amounts.

| | |
|---|---|
| Respectfully Submitted, | Respectfully submitted, |
| By: */s/ William Liles* | */s/ Kimberly Cheeseman* |
| Michael Josephson<br>State Bar No. 24014780<br>mjosephson@backwages.com<br>Andrew Dunlap<br>State Bar No. 24078444<br>adunlap@mybackwages.com<br>William R. Liles<br>State Bar No. 24083395<br>wliles@mybackwages.com<br>JOSEPHSON DUNLAP LAW FIRM<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>713.352.1100 (Telephone)<br>713.352.3300 (Facsimile)<br><br>AND<br><br>Richard J. (Rex) Burch<br>State Bar No. 24001807<br>rburch@brucknerburch.com<br>BRUCKNER BURCH, P.L.L.P.<br>8 Greenway Plaza, Suite 1500 Houston, Texas 77046 713.877.8788 (Telephone)<br>713.877.8065 (Facsimile)<br><br>***ATTORNEYS FOR PLAINTIFFS*** | Amy M. Oster (#06593)<br>CROWLEY FLECK PLLP<br>100 West Broadway Ave., Suite 250<br>P.O. Box 2798<br>Bismarck, North Dakota 58502-2798<br>Phone: (701) 223-6585<br>Fax: (701) 222-4853<br>aoster@crowleyfleck.com<br><br>and<br><br>Shauna Johnson Clark<br>Tex. State Bar No. 00790977<br>Kimberly F. Cheeseman<br>Tex. State Bar No. 24082809<br>NORTON ROSE FULBRIGHT US LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Telephone: (713) 651-5151<br>Facsimile: (713) 651-5246<br>shauna.clark@nortonrosefulbright.com<br>kimberly.cheeseman@nortonrosefulbright.com<br><br>***ATTORNEYS FOR DEFENDANT*** |